UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREA PIRROTTI, | : |
| | : |
| v. | : CIV. NO. 3:11CV439 (JCH) |
| | : |
| RESPIRONICS, INC. | : |

ORDER

The Court held a telephonic status conference on October 4, 2011, to address outstanding discovery issues, set forth in defendant Respironic, Inc.'s Motion for Protective Order **[doc. #54]** and plaintiff Andrea Pirrotti's Motion to Compel discovery **[doc. #60]**.

The plaintiff's Motion to Compel **[doc. #60]** is **DENIED AS MOOT** in light of the agreement of the parties. In accordance with that agreement, defendant shall, by October 7, 2011, photocopy and mail to plaintiff's counsel the documents previously offered for inspection. Plaintiff agreed to reimburse defendant for the costs of photocopying and mailing the documents.

The defendant's Motion for Protective Order **[doc. #54]** is **GRANTED.** The issue presented relates to the location of the defendant's Rule 30(b)(6) deposition. Plaintiff noticed the 30(b)(6) deposition of defendant to take place in Connecticut. Defendant moved for a protective order to preclude plaintiff from

1

deposing defendant's corporate representative in Connecticut, arguing that the deposition should be conducted at defendant's principal place of business, in Murrysville, Pennsylvania.

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when ... the corporation is the defendant."[1] <u>Morin v. Nationwide Federal Credit Union</u>, 229 F.R.D. 362, 363 (D. Conn. 2005) (quoting <u>Salter v. Upjohn Co.</u>, 593 F.2d 649, 651 (5th Cir. 1979); <u>see</u> <u>also</u> <u>Dagen v. CFC Group Holdings, Ltd.</u>, No. 00-CV5682, 2003 WL 21910861, at *2, 2003 U.S. Dist. LEXIS 13859, at *6 (S.D.N.Y. Aug. 11, 2003)). "This presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." <u>Morin</u>, 229 F.R.D. at 363 (citations omitted).

"Generally, when the plaintiff seeks to depose the defendant at a location other than the defendant's place of business and the defendant objects, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the court to order the depositions to be held in an alternate location."

---

[1] Plaintiff's reliance on Judge Haight's decision in <u>Brockway v. Veterans Admin. Healthcare System</u>, 2011 WL 1459592 (D. Conn. April 15., 2011) is misplaced. The issue in <u>Brockway</u>, involved a *pro se* plaintiff's desire to depose three defendants at his residence, leading the Court to review the factors of cost, convenience and litigation efficiency of the designated location. <u>Brockway</u> did not involve the location of the deposition of a corporate defendant, which, as Judge Haight noted, carries a general presumption of conducting the deposition at the principal place of business. <u>Id.</u> at fn 14 .

Id. (citing Six West Retail Acquistion, Inc. v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 107 (S.D.N.Y.2001) (citing Fed. Deposit Ins. Co. v. La Antillana, S.A., No. 88-CV2670, 1990 WL 155727, at *1, 1990 U.S. Dist. LEXIS 13246, at *3 (S.D.N.Y. Oct. 5, 1990))).

Here, plaintiff has failed to meet her burden of presenting evidence of "peculiar" circumstances to support taking defendant's 30(b)(6) deposition in Connecticut, rather than in Pennsylvania, defendant's corporate headquarters. Plaintiff cites the burden and expense of going to Pennsylvania; however, these reasons do not rise to the level of peculiar. The Motion for Protective Order **[doc. #54]** is **GRANTED**. Plaintiff may file a motion for reconsideration within 15 days of this Order if, upon review of defendant's discovery, new facts arise that may enable plaintiff to rebut the presumption.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 4th day of October 2011.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE