```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

|                      |   |                        |
|----------------------|---|------------------------|
| ANDREA PIRROTTI,     | : |                        |
|                      | : |                        |
| v.                   | : | CIV. NO. 3:11CV439 (JCH) |
|                      | : |                        |
| RESPIRONICS, INC.    | : |                        |

ORDER: PLAINTIFF'S MOTIONS TO COMPEL AND FOR EXTENSION OF DEADLINES [DOC. ## 123, 130, 131]

Plaintiff Andrea Pirrotti moves to compel production of documents in response to her second, third and fourth requests for production. [doc. ## 123, 131]. Further, plaintiff moves to extend the discovery deadline and to submit her opposition to defendant's motion for summary judgment. [doc. # 130]. At the request of plaintiff's counsel, the Court heard argument on July 5, 2012. For the reasons that follow, plaintiffs motions [doc. ## 123, 130, 131] are GRANTED IN PART AND DENIED IN PART.

For nearly a year the parties conducted discovery. At the request of plaintiff [doc # 100] the original discovery deadline was extended to May 30, 2012.[1] [doc. ## 101, 121]. On April 11, 2012, plaintiff served defendant electronically with a second request for production, on May 1 a third request for production,

---

[1] The plaintiff sought to extend the discovery deadline to June 30, 2012, which request was denied by Judge Hall.

1

and on May 15 a fourth request for production. In general, the Court is unable to discern precisely which documents plaintiff is still seeking. What *is* clear to the Court is that plaintiff assumes the existence of certain documents and that defendants have not given plaintiff adequate assurances that, in fact, a thorough document search has been undertaken and that responsive documents do not exist. Moreover, as plaintiff's counsel conceded at oral argument, plaintiff's counsel, a solo practitioner, is still reviewing the original document production.

With regard to plaintiff's third and fourth requests for production, defendant opposes the discovery both because it is untimely and not likely to lead to the discovery of admissible evidence. The Court agrees with defendant. Discovery was to be completed by May 30, 2012. By serving the requests in May, plaintiff would have expected defendant's responses to the third request by June 3, 2012 and to the fourth request on June 17, 2012, at the earliest. See Federal Rule of Civil Procedure 34(b)(2)(A); 6(d) and 6(a). Plaintiff was aware of the Court's unwillingness to extend the discovery period past May 30. As such, those discovery requests were untimely. Further, the plaintiff has not met her burden that the information sought is likely to lead to admissible evidence. See Coudert v. Jannet Montgomery Scott LLC, No. 3:03cv324 (MRK) 2004 WL 2381552, at *2 (D. Conn. Oct. 7, 2004) (citations omitted) ("parties should not

be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.").

With regard to the plaintiff's second request for production, defendant argues -and plaintiff does not deny- that many of these requests are duplicative of the first request for production. Further, a close examination of defendant's objections reveals that, while defendant made general objections, defendant stated that without waiving the objections, non-privileged documents either had been produced or would be produced to plaintiff. Defendant shall endeavor one last time to search in good faith for documents responsive to plaintiff's second request for production. Supplemental responsive documents, if any, shall be provided to plaintiff within 15 days of this Order. Additionally, the parties shall exchange privilege logs within 15 days of this Order. Finally, within 15 days of this Order, defendant shall provide plaintiff with an affidavit specifically setting forth the protocol by which documents were searched and whether, to the best of defendant's knowledge, all responsive, non-privileged documents have been produced.  If there are no responsive documents, after a good faith effort to locate them, defendant shall so state under oath. Plaintiff will file her opposition to defendant's motion for summary judgment within 30 days of this Order.

For the reasons stated, plaintiff's motions [doc. ## 123, 130, 131] are GRANTED IN PART AND DENIED IN PART. This is not a Recommended Ruling. This is a discovery order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 30th day of July 2012.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE